UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER CARL JONES,

Petitioner,

v.

ADAM DOUGLAS,

Respondent,
_________________________________/

Case No. 4:24-CV-12422
Honorable F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTIONS FOR AN EVIDENTIARY HEARING (ECF Nos. 23, 26), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Dexter Carl Jones, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, assault with intent to commit murder, unlawfully driving away an automobile, and possession of a firearm in the commission of a felony (felony firearm). For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner was convicted of shooting and killing his friend, Ronnie Lott, shooting at a second victim, Shelby Knowles, and unlawfully driving away Lott's vehicle. Petitioner's conviction was affirmed by the Michigan Court of Appeals. *People v. Jones*, No. 351633, 2022 WL 259359 (Mich. Ct. App. Jan. 27, 2022). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court after the Michigan Court of Appeals affirmed his conviction. *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, dated February 23, 2026. (ECF No. 8-17).

Petitioner filed a petition for writ of habeas corpus with this Court in 2022. The petition was dismissed without prejudice because Petitioner failed to exhaust several of his claims with the state courts. *Jones v. Carl*, 605 F. Supp. 3d 1012, 1016 (E.D. Mich. 2022).

Petitioner filed a post-conviction motion for relief from judgment in the Wayne County Circuit Court, which was denied. *People v. Jones,* No. 19-001500-01-FC (Wayne Cty. Cir. Ct. Aug. 15, 2023) (ECF No. 18-19).

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals denied the application in a fairly lengthy order:

> The delayed application for leave to appeal is DENIED because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment. However, we note several errors in the trial court's opinion.
>
> First, the trial court returned defendant's motion for relief from judgment, and declined to adjudicate it until ordered to do so by this Court, see *In re Jones*, unpublished order of the Court of Appeals, entered August 9, 2023 (Docket No. 365533), because defendant failed to file a brief in support of his motion as the trial court believed was required by MCR 2.119(A)(2). MCR 2.119(A)(2) is a rule of civil procedure, which requires the filing of a brief in support of motions that present issues of law. While it is true that the rules of civil procedure generally apply in criminal matters, there are exceptions. One such exception is: "when a statute or court rule provides a like or different procedure[.]" MCR 6.001(D)(3). Here, MCR 6.502(C) explains the proper form for a motion for relief from judgment. This rule does not require a brief. It contains different page limitations, different formatting, and different content requirements than are found in MCR 2.119(A)(2). MCR 6.502(C) also states that the motion "must be substantially in the form approved by the State Court Administrative Office . . . ." MCR 6.502(C). That form, SCAO Form CC 257, notes that the defendant may file a brief *if they wish*. Defendant filed his motion using this SCAO form. While defendant could have also filed a brief in support of his motion, MCR 6.502(C) did not require a brief.
>
> Second, the trial court's substantive analysis begins by stating that consideration of defendant's claims of ineffective

> assistance of counsel are barred under "MCR 6.508(D)(3)" because he raised a claim of ineffective assistance of counsel on direct appeal. The correct provision is MCR 6.508(D)(2). But as correctly noted by the trial court, the claim of ineffective assistance raised on direct appeal was entirely different than those raised in the motion for relief from judgment. As this Court has explained in other orders, the fact that a defendant raises one claim of ineffective assistance of counsel on direct appeal does not mean that the defendant can never raise any other, distinct claims of ineffective assistance of counsel in a motion for relief from judgment.
>
> * * *
>
> Lastly, the trial court's opinion states that the actual prejudice and good cause test is found in MCR 6.502. The actual prejudice and good cause test is found in MCR 6.508(D)(3), not in the provisions of MCR 6.502.
>
> That said, the motion did not demonstrate that trial counsel was ineffective, as the trial court correctly held. The motion was thus correctly denied because defendant did not demonstrate actual prejudice or good cause under MCR 6.508(D)(3). Thus, the application is denied because defendant has not established that the trial court erred by denying the motion for relief from judgment.

*People v. Jones,* No. 368006, * 1-2 (Mich. Ct. App. Feb. 1, 2024) (ECF No. 18-22, PageID.1449-50) (emphasis original) (additional internal citations omitted).

The Michigan Supreme Court denied Petitioner leave to appeal pursuant to MCR 6.508(D). *People v. Jones*, 513 Mich. 1076, 5 N.W.3d 18 (2024).

Petitioner seeks habeas relief on the following grounds:

> I. Trial court transcripts stated T-Mobile was my cell phone company, Exhibit A and B show it was not.
>
> II. Blood on T-Shirt. Attorney did not investigate. Fabricated transcripts.
>
> III. Gun and bullets was not investigated by attorney. There was no investigation. Fabricated transcripts.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed in part as a motion to dismiss on the basis that the claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent argues that Petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court

to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Respondent argues that Petitioner's first claim alleging inaccuracies in the trial transcripts is procedurally defaulted because Petitioner did not raise this claim at all levels of state post-conviction review, having failed to include it in either of his post-conviction motions before the trial court. Respondent argues that because Petitioner no longer has any available state court remedies left to exhaust this claim, it is procedurally defaulted.

In order to properly exhaust a claim on state post-conviction review, a habeas petitioner is required to present that claim in his or her post-conviction motion before the state trial court and in his or her post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009). Thus, in order to fully exhaust a claim that is raised in a post-conviction motion for relief from

judgment, a Michigan defendant needs "to raise this claim in his motion for relief from judgment *and* in the Michigan Court of Appeals and Michigan Supreme Court." *Jones v. Howard*, 790 F. Supp. 3d 601, 612 (E.D. Mich. 2025) (emphasis original). Petitioner did not raise a claim involving the alleged inaccuracies in his trial transcripts in either of his post-conviction motions that were filed with the trial court. (ECF No. 18-17, 18-18).

Although not mentioned by either party, Petitioner apparently did attempt to raise the issue of the accuracy of the transcripts in a *pro per* pleading that he filed on his direct appeal. (ECF No. 18-20, PageID.1116-17). This pleading was stricken by the Michigan Court of Appeals, first, because Petitioner was represented by appellate counsel, and secondly, because the pleading did have an accompanying brief, as required by Administrative Order 2004-6, Standard 4. *See* Letter dated November 12, 2020. (*Id.*, PageID.1118). Because Petitioner's pleading was stricken, Petitioner did not exhaust his inaccurate transcript claim on his appeal of right. *See Pouncy v. Macauley*, 546 F. Supp. 3d 565, 629 (E.D. Mich. 2021), *aff'd in part, rev'd in part on other grds and remanded sub nom. Pouncy v. Palmer*, No. 21-1811, 2025 WL 1013409

(6th Cir. Apr. 2, 2025), *and aff'd in part, rev'd in part and remanded sub nom*. *Pouncy v. Palmer*, No. 21-1811, 2025 WL 1341850 (6th Cir. May 8, 2025).

Compounding this problem is the fact that Petitioner never filed an application for leave to appeal with the Michigan Supreme Court on his direct appeal. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). Because Petitioner failed to raise any claims from his direct appeal before the Michigan Supreme Court, any claims raised on his direct appeal would be unexhausted. *See, e.g., Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008) (habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to Michigan Supreme Court).

Petitioner's transcript claim was never fully exhausted with the state courts on direct or post-conviction review.

Unfortunately, Petitioner no longer has any available state court remedies with which to exhaust his claim. Under MCR 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-

conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x. 781, 783 (6th Cir. 2007). Petitioner has no remaining state court remedies with which to exhaust his first claim.

If a habeas petitioner fails to present his or her claims to the state courts and is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the petitioner will not be allowed to present claims never before presented in the state courts unless he or she can show cause to excuse his or her failure to present the claims in the state courts and actual prejudice to his or her defense at trial or on appeal. *Hannah v. Conley*, 49 F. 3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

Respondent contends that Petitioner's second and third claims are procedurally defaulted because he raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by MCR 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This order,

however, did not refer to subsection (D)(3) nor did it mention Petitioner's failure to raise his second and third claims on his direct appeal as a rationale for rejecting the post-conviction claims. Because the Michigan Supreme Court form order in this case citing Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Michigan Court of Appeals affirmed the trial court's denial of Petitioner's ineffective assistance of trial counsel claims, finding that the judge had correctly denied post-conviction relief "because defendant did not demonstrate actual prejudice or good cause under MCR 6.508(D)(3)." The Michigan Court of Appeals clearly denied Petitioner post-conviction relief based on the procedural grounds stated in MCR 6.508(D)(3). Petitioner's second and third claims are thus procedurally defaulted pursuant to MCR 6.508(D)(3). *See Matthews v. Jackson*, 328

F. Supp. 3d 743, 758 (E.D. Mich. 2018) (citing *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007).

With respect to his first claim, Petitioner offers no arguments to excuse his default. By failing to raise any claim or issue to excuse the procedural default regarding his first claim, Petitioner "has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Petitioner does argue, albeit briefly, that appellate counsel was ineffective for failing to investigate his second or third claims. (ECF No. 1, PageID.22). The problem for Petitioner is he did not raise an ineffective assistance of appellate counsel claim in his post-conviction motions for relief for judgment (ECF Nos. 8-17, 8-18) or in his applications for leave to appeal to the Michigan Court of Appeals or Michigan Supreme Court. (ECF No. 18-22, PageID.1459-68, 18-24, PageID.1509-14).

Although ineffective assistance of counsel may constitute cause to excuse a procedural default, an ineffective assistance of counsel claim that is asserted as cause to excuse another procedurally defaulted claim can itself be procedurally defaulted, and unless a habeas petitioner can

satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *Edwards v. Carpenter,* 529 U.S. 446, 450-53 (2000).

Petitioner has not given this Court any reason why he failed to exhaust his ineffective assistance of appellate counsel claim with the Michigan courts on post-conviction review. While ineffective assistance of appellate counsel might excuse Petitioner's failure to raise any claims on his direct appeal, it does not excuse Petitioner's own failure to exhaust his ineffective assistance of appellate counsel claim in his post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 F. App'x at 784. As mentioned above, Petitioner cannot file a second motion for relief from judgment and has no available remedies to exhaust his ineffective assistance of appellate counsel claim. Because Petitioner did not present his ineffective assistance of appellate counsel claim to the trial court or the Michigan appellate courts on post-conviction review, this claim is itself procedurally defaulted. *See Bechtol v. Prelesnik*, 568 F. App'x 441, 448 (6th Cir. 2014).

Petitioner failed to advance any cause and prejudice argument in connection with his defaulted ineffective assistance of appellate counsel claim; this claim cannot be used to establish cause for his procedurally defaulted claims. *Coleman v. Mitchell,* 268 F.3d 417, 432 (6th Cir. 2001).

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his claims. *Smith*, 477 U.S. at 533.

Further, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not

presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has made no such showing in this case. Petitioner's claims are denied.

Because Petitioner's claims are procedurally defaulted and he has failed to establish cause or prejudice or a miscarriage of justice to excuse the default, he is not entitled to an evidentiary hearing on his claims. *See Erdman v. Tessmer,* 69 F. Supp.2d 955, 964 (E.D. Mich. 1999). The Court denies his motions for an evidentiary hearing.

## III. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) The motions for an evidentiary hearing are **DENIED.**

(3) A certificate of appealability is **DENIED.**

(4) Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

**SO ORDERED.**

Date: August 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge